### HIRAM SPALDING *v.* MILO C. STEWART.

#### *Trover.   Damages.*

The defendant as sheriff had attached a wagon as the property of R., but really belonging to the plaintiff.   The evidence tended to show that subsequently the plaintiff told the defendant, in answer to a question as to what the plaintiff claimed in regard to the wagon, that all he asked was to have it returned to R. or to the place whence the defendant took it, which the defendant did the next morning, R. assisting him.  *Held,* that the question whether it was the understanding of the parties that such return was to be a discharge of all claim the plaintiff had upon the defendant for the taking and detention of the wagon as well as for the wagon itself, was one for the jury and should have been submitted to them.

If the facts were as the evidence tended to show, an acceptance of the wagon by the plaintiff was unnecessary and immaterial; therefore the charge of the court to the jury that if they found the wagon was returned by the defendant *and accepted by the plaintiff,* that would go to diminish the damages the plaintiff would otherwise be entitled to recover, to the extent of the value of the wagon, held incorrect.

The effect of a refusal to receive the wagon by the plaintiff had he been present when it was returned, not decided.

TROVER for a wagon.   Plea, the general issue, with notice of release.   Trial by jury, December Term, 1864, BARRETT, J., presiding.

It appeared that the plaintiff owned the wagon sued for; that in the spring of 1862 he let Randall, his son-in-law, take it to remove his family and effects to Stowe, authorizing him to sell it for money or exchange it for stock or other property; that Randall retained the wagon, not having sold or exchanged it; that on the 24th of April, 1863, the defendant, as deputy sheriff, on a writ in favor of Skinner against said Randall, attached said wagon, and took the

same to his possession. On the 7th of June, 1863, Randall, by the direction of the plaintiff, demanded the wagon of the defendant, and the defendant refused to give it up, and claimed and continued to hold it under said attachment for several weeks thereafter. There was attached on the same writ, by another officer, a horse, which the plaintiff claimed to be his property, and the question of title was submitted to the arbitrament and award of Hon. Paul Dillingham, and was heard before him on the 29th day of June, 1863. The plaintiff was a witness, and in his testimony in answer to questions, claimed said wagon, and explained how Randall came into possession of it. Mr. Gleason, counsel. for Skinner on said hearing, testified on the trial of this case that he cross examined the plaintiff and asked him, " what do you claim about the wagon now ?" He said he wanted it returned to Randall, where it was taken from,—that was all he claimed about the wagon. The next morning the defendant returned the wagon to Randall by Skinner's direction.

There was some conflict in the testimony as to what Randall said and did when the wagon was returned by the defendant, which was the next day after the award in respect to the horse, and was by direction of Skinner,—the defendant testifying that Randall helped return it and accepted it as the agent of the plaintiff,—and the plaintiff's evidence tending to show that when the defendant informed Randall that Skinner had directed him to return the wagon, he told him that he (Randall) had nothing to do with it, that he supposed the plaintiff had brought a suit for the money on the wagon, and he could have nothing to do with it ; that he never told the defendant that he would accept the wagon, when thus taken back, but told him that he would not.

The court ruled that, inasmuch as it was agreed that the plaintiff's cause of action became perfected by the taking and detention of the wagon by the defendant, and by his refusal to deliver up the same when demanded on the 7th of June, 1863, and by his detaining the same thereafter, at any rate till the 1st day of July, the facts testified to by the defendant and his witnesses would not constitute a release of such cause and right of action ; that at most, that testimony tended to show a return of the property by the defendant, and acceptance of it by the plaintiff, which would, to the value of it, go

Spalding *v.* Stewart.

to diminish the damages which the plaintiff would otherwise be entitled to recover,—to which the defendant excepted. The court submitted the case to the jury upon the question of such return and acceptance, under a charge to which no exception was taken. The jury returned a verdict for the plaintiff for the full value of the wagon.

After the verdict, L. L. Durant, attorney for the defendant, filed a motion for a judgment for the defendant, notwithstanding the verdict, which was *pro forma* overruled, to which he excepted.

*Redfield & Gleason,* for the defendant, maintained that upon the plaintiff's stating what his claim was in respect to the wagon the defendant complied with it and acted upon it, and that the plaintiff cannot now set up a claim contrary to what he by his own statement induced the defendant to act upon. *Downer* v. *Flint,* 28 Vt. 530 ; 1 Green. Ev. §§ 207, 208 ; *Dewey* v. *Field,* 4 Met. 381.

*Converse & French,* for the plaintiff, maintained that the plaintiff's cause of action was complete upon the *wrongful taking* of the wagon, April 24th, 1863, and upon the *demand and refusal,* June 7th, 1863. If on the *29th day of June* the plaintiff had agreed to take back the wagon and release all claim for damages, such agreement would have been *without consideration and void.* If acted upon, it would only go in mitigation of damages. *Bates* v. *Starr,* 2 Vt. 536 ; *Mason et al.* v. *Peters,* 4 Vt. 101 ; *Wright* v. *Allen,* 4 Vt. 572 ; *Russell* v. *Buck,* 11 Vt. 166 ; *Phalan* v. *Stiles et al., ib.* 82 ; *Wheeler* v. *Wheeler, ib.* 66 ; *Pomeroy* v. *Slade et al.,* 16 Vt. 220 ; *Seely et al.* v. *Spencer,* 3 Vt. 334.

The opinion of the court was delivered by

PIERPOINT, J. This was an action of trover for a wagon. It appears from the statement of the case, that the defendant, as deputy sheriff, attached the wagon in question on a writ in favor of one Skinner, as the property of Randall, the defendant in that suit. The wagon was found in Randall's possession and was taken therefrom by the defendant. The plaintiff in this suit claimed to be the owner of the wagon, and by said Randall as his agent, demanded it of the defendant, who refused to deliver it to him.

On the trial in the county court, the defendant introduced evidence tending to show that about two months after he took the wagon, he

had an interview with the plaintiff, who told him (in answer to a question put to the plaintiff as to what he claimed in regard to the wagon,) " that all he asked was to have the wagon returned" to Randall, or to the place which the defendant took it from ; and that the defendant in consequence of such statement did, the next morning, return the wagon to the place from which he took it, Randall assisting him in so doing. There seems to have been no question upon the hearing below as to the plaintiff's ownership of the wagon or as to its having been returned by the defendant. The principal point in controversy seems to have been, whether at the time the defendant returned the wagon the said Randall had authority from the plaintiff to accept it, and did accept it.

The court decided that conceding the facts to be true that the defendant's evidence tended to establish, they would not constitute a full defence to the action, but could only operate upon the question of damages. In this we think there was error. If when the plaintiff told the defendant that all he claimed was, that the defendant should return the wagon, it was the understanding between them that such return was to be a discharge of all claim he had upon the defendant for the taking and detention of the wagon, as well as for the wagon itself, such return would be a full answer to the plaintiff's claim. The evidence clearly tended to show that such was the fact ; whether it was so or not, was for the jury to determine and should have been submitted to them.

But it is said that question was submitted to the jury, and they found the fact to be otherwise, as the verdict shows, so that this error did not prejudice the defendant, as the result would have been the same, if the question had been submitted to the jury in this aspect of the case. If this was so there would be force in the position.

The court charged the jury in substance that if they found the wagon was returned by the defendant *and accepted by the plaintiff*, that would go to diminish the damages the plaintiff would otherwise be entitled to recover, to the extent of the value of the wagon. This makes the acceptance of the wagon by the plaintiff a material fact to be found by the jury, before they would be warranted in making the deduction ; and as the question of the acceptance of the wagon by Randall, and his authority so to do from the plaintiff, was the

main point litigated before the jury, it is more than probable they turned the case upon that point, and returned a verdict for the value of the wagon, because they failed to find that upon the return of the wagon to Randall, he did accept it, or had authority to accept it in behalf of the plaintiff.

If the facts were as the defendant's evidence tended to show, an acceptance of the wagon by the plaintiff was unnecessary and immaterial. If the plaintiff told the defendant that all he claimed of him was that he should return the wagon to Randall, or to the place from which he took it, and he did thereupon immediately return it to Randall, or to such place, that would be sufficient, whether the plaintiff accepted it or not. What would have been the effect if the plaintiff had been present when the wagon was returned and had refused to receive it, we need not consider, as nothing of the kind took place. The fact that Randall refused to accept it, could be of no avail, as the plaintiff's evidence tended to show that, at that time, Randall had no authority in the matter, and he did not profess to have, but told the defendant that he had nothing to do with it.

We think there was error in the rulings of the court as to the effect of the return of the property, upon the plaintiff's right to recover at all, and also upon the question of damages.

Judgment of the county court reversed and case remanded.